NUMBER 13-99-813-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ERNEST AND LELETA MANNS
, Appellants,


v.



SOUTHWEST PROPERTIES COUNCIL 

OF CO-OWNERS A/K/A SOUTHWEST

PROPERTIES HOMEOWNER'S ASSOCIATION
, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Rodriguez, and Kennedy(1)


Opinion by Justice Kennedy






 The sole unresolved issue in this case is whether balconies on
second floor condominium units are "common elements" or "limited
common elements" of the condominium regime or whether they are a
part of the units to which they are attached for the purpose of
determining who should bear the expense of repairs to them. If they
are parts of the condominium units, then the owner of the
condominium unit must bear the expense. If they are "common
elements" or "limited common elements" of the condominium regime,
then the cost of repairs must come out of the general condominium
maintenance fund.

 In January 1995 the Board of Directors of Southwest Properties
Homeowners' Association determined that certain balconies of second
floor condominium units were deteriorating to the point that they
needed to be replaced. The Board decided that of the estimated cost of
$500 for the replacement of each balcony, $300 would be paid by the
unit owner and $200 would be paid by the Association.

 Appellants, plaintiffs below, are the owners of five condominium
units. They moved for summary judgment below alleging that the
balconies were common elements or limited common elements and
their motion was denied. Appellee, the Association, then moved for
summary judgment to declare that the balconies were non-common, or
private elements, and its motion was granted.

 This dispute is governed by the provisions of Section 81 of the
Texas Property Code(2)
 and the enabling declaration for establishment of
a condominium for Southwest Properties. Appellants argue as follows:

 The apparent ambiguity is created by the use of the term
"patio or balcony areas" in the definition of General,
Elements found in Section 6 of the enabling declaration. The
patio balcony areas are the spaces encompassed by patio or
balcony structures (e.g. the fence surrounding the patio or
the attached railings and concrete foundation of the second
floor balcony). While the patio and balcony areas are clearly
private to the condominium unit, the patio and balcony
structures are clearly common, or limited common,
elements. (emphasis in the original).


Tex. Prop. Code Ann. §81 (Vernon 1995).

 The pertinent portion of Section 6 reads:

 GENERAL, ELEMENTS: The "general common elements" of
the property and of this project include, and are defined as
all of the project land above described, and the buildings,
structures, and improvements thereon, save and except the
one hundred sixteen (116) individual condominium spaces
contained in said multiple condominium building, each of the
individual patio or balcony areas described in paragraph 1,
subparagraph A, sub-subparagraph (2) on page 2, . . . 
(emphasis added)


 We do not read the foregoing to support appellant's argument. 
For further directions we look to the provisions of section one of the
enabling declaration which reads, in pertinent part:

 1. DIVISION: Said developer, in order to establish said
plan of condominium ownership for the hereinbelow
described property and improvements, hereby
expressly submit said property and improvements to
the condominium regime established by the Texas
Condominium Act, as now existing or hereafter
amended and does hereby covenant and agree that it
hereby divides said real property into the following
separate freehold estates, to wit:


 A. Separate Freehold Estate ­ Each of the one
hundred sixteen (116) individual condominium
units in said multiple unit condominium
buildings, as hereinafter described, shall
constitute a separate freehold estate and shall be
more particularly described and shall include the
following:


 (1) Boundaries ­ each condominium space: The
boundaries of each such condominium
space shall be and are the interior surfaces
of the perimeter walls, floors and ceilings of
the living area, and shall also include the
interior construction, interior dividing walls,
partitions, appliances, fixtures and
improvements which are intended to
exclusively serve such condominium space,
such as interior rooms, walls, floor and
ceiling covering or finish, closets, cabinets,
shelving, individual bathroom and kitchen
fixtures, separate items or chattels
belonging exclusively to such space which
may be removed, replaced, disposed of or
otherwise treated without affecting any
other condominium unit, or the ownership,
use or enjoyment thereof; and the space
includes both the portions of the building so
described, the real property thereunder, and
the air space so encompassed excepting the
common elements.


 (2) Boundaries ­ Each individual patio or
balcony areas: The boundaries of each
individual patio or balcony area shall be and
are the exterior surfaces of balconies,
patios, porches, decks or stoops; and the
space includes both the portions of the
patio area so described, and the air space so
encompassed, excepting the common
elements.


 The use of the words in (2), quoted above "the exterior surfaces
of balconies..." does create some confusion. In the absence of more
information on just what a balcony is we hold that the better
interpretation is to hold that the second floor balconies are not a part of
the common, or limited common, elements of the property. We so hold,
and further hold that the trial court was correct in denying appellant's
motion for summary judgment and granting that of appellee. We
AFFIRM the judgment of the trial court. 

 NOAH KENNEDY 

 Retired Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 10th day of August, 2000.


1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§74.003 (Vernon 1998).

2. The condominiums herein were created before January 1,
1994.